IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

KENYATTA K. JOHNSON,                )
                                    )
    Plaintiff,                      ) No. 14-548

    V.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

    Defendant.

## SYNOPSIS

Plaintiff filed an application for disability benefits under Title II, and supplemental social security income under Title XVI, of the Social Security Act. Plaintiff alleged disability due to physical and mental impairments, including schizoaffective disorder, with an alleged onset date of January 1, 2009. His application was denied initially, and upon hearing. The Appeals Council denied his request for review. Plaintiff now appeals to this Court. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings consistent with this Opinion.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

First, Plaintiff argues that the ALJ erred by failing to properly weigh the opinion of his treating psychiatrist, Dr. Morine, and by rejecting certain opinions of the agency consultant, Dr. Rockey.

At the time that Dr. Morine completed the questionnaire, she had seen Plaintiff for a psychological evaluation in April, 2011, with medication management visits every three months,

2

until the most recent examination of August, 2012. Dr. Morine noted moderate or no limitations in all areas, except a marked limitation in completing a normal workweek without interruption from psychological symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and to travel to unfamiliar places or use public transportation.[1] In November, 2012, Dr. Morine checked a box indicating that Plaintiff was "totally disabled." In turn, Dr. Rockey found moderate or slight limitations, except "moderate plus" limitations in responding appropriately to pressures or changes in work setting. She also opined that his prognosis for full-time employment is "complicated," inter alia, by the symptoms of his schizoaffective disorder.

As a general matter, I find no error in the ALJ's treatment of Dr. Morine's and Dr. Rockey's opinions. "While contradictory medical evidence is required for an ALJ to reject a treating physician's opinion outright, such an opinion may be afforded 'more or less weight depending upon the extent to which supporting explanations are provided.'" Brownawell v. Comm'r, 554 F. 3d 352, 35 (3d Cir. 2008). In addition, "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Moreover, it is clear that "opinions regarding the ultimate question — whether Plaintiff is disabled — are not to be given any "special significance" as that is a question reserved solely for the ALJ." Hockycko v. Colvin, 2014 U.S. Dist. LEXIS 102145 (W.D. Pa. July 28, 2014). Finally, it is appropriate to discount a psychiatrist's opinions regarding physical symptoms, which fall outside the scope of psychiatric treatment. Muschar v. Comm'r of Soc. Sec., 117 Fed. Appx. 191 (3d Cir. 2004). Dr. Rockey's opinion did not specify

---

[1] She further marked, "incapable of even low stress" work, because he has periods of psychosis that worsen under stress. She further opined that he would be absent from work more than three times per month, and noted that he had multiple head injuries resulting in cognitive impairments.

that it related Plaintiff's psychiatric issues to pain, or vice versa. Accordingly, I cannot find that the ALJ's consideration of Drs. Rockey and Morine was unsupported by substantial evidence.

Plaintiff's argument, however, raises concerns about the relationship between the ALJ's conclusions, the RFC, and the Vocational Expert's testimony. Here, the ALJ stated that she accommodated the marked limitation on completing a normal workweek by limiting Plaintiff, in the RFC, to a "lower than normal work stress environment." Absent any suggestion to the contrary, and absent citation to any contradictory evidence, it appears that the ALJ accepted this aspect of the medical opinion, and intended to incorporate that opinion into the RFC. Limitations such as those adopted in the present RFC may, indeed, sufficiently accommodate a limitation on completing a normal workweek. See, e.g., Varner v. Astrue, 2013 U.S. Dist. LEXIS 40176, at **25-26 (N.D. Ohio Mar. 8, 2013); Simpkins v. Comm'r of Soc. Sec., 2013 U.S. Dist. LEXIS 26877 (N.D. Ohio Feb. 27, 2013). At the hearing, the ALJ clearly stated the entire RFC, and the VE responded with various possible jobs at the national level. Subsequently, the following exchange occurred:

> Counsel: [T]he limitations being marked, which is essentially precluded in the ability to complete a normal work week without psychological interruptions. Would that have any impact on the jobs you cited?
>
> VE: That would preclude work.
>
> Counsel: Okay. And would that preclude all work?
>
> VE: Yes.

It appears that the ALJ assumed that her RFC entirely accommodated the subject limitation; the VE, however, did not so assume. This may be an issue of semantic definition or understanding, as a marked limitation on the ability to complete a workweek may or may not encompass various types of specific limitations. In any case, this matter must be remanded,

4

either for the ALJ to specify and explain the degree to or manner in which she accepted Dr. Morine's opinion regarding the marked limitation, and/or to obtain further evidence from Dr. Morine and/or the VE for further clarification on this issue.

Lastly, Plaintiff contends that the ALJ failed to properly deal with his credibility. An ALJ's credibility determination is to be afforded great deference, because the ALJ has the opportunity to observe and assess witnesses. Mruk v. Colvin, 2014 U.S. Dist. LEXIS 108527, at *23 (M.D. Pa. Aug. 7, 2014). Where an ALJ's credibility findings are supported by substantial evidence, those findings will not be disturbed. Black v. Colvin, 2014 U.S. Dist. LEXIS 138103, at *33-34 (M.D. Pa. Sept. 30, 2014). I have reviewed Plaintiff's arguments, as well as the ALJ's explanation of her credibility determination, and find nothing to justify disturbing those findings.

## CONCLUSION

For the foregoing reasons, this matter will be remanded for clarification, whether by the ALJ or by an additional hearing, of the issues surrounding Plaintiff's limitation on completing a full workweek without interruption from psychological symptoms. An appropriate Order follows.

## ORDER

AND NOW, this 4th day of December, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that this matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court